# In the United States Court of Federal Claims

No. 19-1323T
Filed: March 22, 2021

|  |  |  |
|---|---|---|
| | ) | |
| SEAN G. QUATTRINI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Tax Refund Claim; RCFC 12(b)(1); |
| v. | ) | Subject-Matter Jurisdiction; I.R.C. § 6061; |
| | ) | I.R.C. § 6065; Signature Verification |
| THE UNITED STATES, | ) | Requirement; Waiver. |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Kathryn Magan*, Counsel of Record, Magan Law, PLLC, North Richland Hills, TX, for plaintiffs.

*Jennifer D. Spriggs*, Trial Attorney, *Mary M. Abate*, Of Counsel, *David I. Pincus*, Chief, *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.    INTRODUCTION

In this tax refund action, plaintiffs, Sean G. Quattrini and Lady A. Chun Quattrini, seek a refund of certain federal income tax paid during tax years 2016 and 2017, pursuant to 26 U.S.C. § 7422. Am. Compl. at ¶¶ 1, 3, 67-69. The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the ground that plaintiffs failed to duly file their tax refund claims before commencing this action, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons discussed below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the amended complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

Plaintiffs, Sean G. Quattrini and Lady A. Chun Quattrini, seek a refund in the amount of $40,321.00 of certain federal income tax paid during tax years 2016 and 2017, based upon the foreign earned income exclusion under Section 911 of the Internal Revenue Code ("I.R.C.") and the employer provided lodging exclusion under Section 119 of the I.R.C., plus interest, attorney's fees and other costs.   *See generally* Am. Compl.

As background, plaintiffs are United States citizens who are married.   Pl. Ex. A at 2. Plaintiffs reside in Alice Springs, Australia and they are employed by the Raytheon Company at the Joint Defense Facility Pine Gap.   Am. Compl. at ¶¶ 4, 47.

In 2012, plaintiffs signed a closing agreement as a condition of their employment with the Raytheon Company.   *Id.* at ¶¶ 32-35.   It is undisputed that this closing agreement provides that plaintiffs waive their rights to claim the foreign income exclusion pursuant to I.R.C. Section 911 on their tax returns.   *Id.* at ¶ 32; Def. Ex. 8 at A-105-A-108.

On April 5, 2017, plaintiffs timely filed their original Form 1040 United States income tax return for tax year 2016.   Am. Compl. at ¶ 48.   In connection with this tax return, plaintiffs paid $23,676.00 in income taxes for tax year 2016.   *Id.* at ¶ 49; Pl. Ex. A.

On April 6, 2018, plaintiffs timely filed their original Form 1040 United States income tax return for tax year 2017.   Am. Compl. at ¶ 48.   In connection with this tax return, plaintiffs paid $17,219.00 in income taxes for tax year 2017.   *Id.* at ¶ 49; Pl. Ex. B.

Plaintiffs subsequently retained the services of a tax accounting firm—Castro & Co., LLC ("Castro & Co.")—to prepare amended tax returns for tax years 2016 and 2017.   Am. Compl. at ¶ 50.   Castro & Co. concluded that plaintiffs were entitled to claim the foreign earned

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl.") and the exhibits attached thereto (Pl. Ex.); the government's motion to dismiss ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); plaintiffs' response and opposition to the government's motion to dismiss ("Pl. Resp."); and the government's reply in support of its motion to dismiss (Def. Reply).   Unless otherwise noted herein, the facts recited are undisputed.

income exclusion and the employer-provided lodging exclusion on their amended tax returns.[2]
*Id.* at ¶ 51.  And so, Castro & Co. timely filed Forms 1040X amended tax returns for tax years
2016 and 2017 on behalf of plaintiffs, which claimed these exclusions.  Def. Ex. 5-6; Pl. Resp. at
2.

It is undisputed that plaintiffs did not sign the amended tax returns and that an employee
of Castro & Co.—John Anthony Castro—signed the amended tax returns on plaintiffs' behalf.
Pl. Resp. at 2; Def. Ex. 5 at A-029; Def. Ex. 6 at A-064.  It is also undisputed that plaintiffs did
not include a power of attorney authorizing John Anthony Castro, or any other representative of
Castro & Co., to sign their amended tax returns.  Pl. Resp. at 9; Def. Mot. at 8.

On or about November 14, 2018, Castro & Co. sent the IRS a Form 2848 stating that
three of its employees—John Anthony Castro, Tiffany Michelle Hunt, and Kasondra Kay
Humphreys—had the authority to represent Sean G. Quattrini before the Internal Revenue
Service ("IRS") with respect to, among other things, plaintiffs' 2016 and 2017 amended tax
returns.  Def. Ex. 7.  Tiffany Michelle Hunt initialed the Form 2848 on behalf of Mr. Quattrini.
*Id.* at A-104.  But, the box on line 5a of the Form 2848, which would authorize John Anthony
Castro, Tiffany Michelle Hunt and Kasondra Kay Humphreys to sign plaintiffs' amended tax
returns, was not checked on the form.  *Id.* at A-103.

On July 5, 2019, the IRS sent plaintiffs a letter commonly known as a Letter 569, stating
that the IRS examined plaintiffs' tax refund claims and proposed to fully disallow the claims for
the following reason:

> Our records show that as an employee of Raytheon E Systems living and
> working in Australia, you may have entered into a closing agreement with
> the U.S. Internal Revenue Service irrevocably waiving your rights to claim
> the Foreign Earned Income [Exclusion] under Internal Revenue Code
> section 911 (a).  This waiver covers any income that was paid or provided
> to you as a consideration for services provided by your employer
> (Raytheon)[.]

---

[2] Section 911 of the I.R.C. permits qualified individuals to exclude foreign earned income from their
gross income and to exempt such income from tax.  26 U.S.C. § 911(a)(1).  Section 119 of the I.R.C.
permits qualified individuals to exclude the value of any meals or lodging provided on behalf of an
employer from their gross income and to exempt such income from tax.  26 U.S.C. § 119(a)(2).

> In return for agreeing not to claim the section 911 exclusion, the government of Australia has entered into an agreement with the United States Government not to subject the income earned by the taxpayer to Australian taxes. Therefore, you are not allowed to claim the Foreign Earned Income Exclusion under Internal Revenue Code section 911(a).

Pl. Ex. E at 5.

Plaintiffs commenced this tax refund action on August 30, 2019. *See generally* Compl. Thereafter, the IRS issued a legal notice of full disallowance of plaintiffs' tax refund claims on November 15, 2019. Pl. Resp. Ex. A at 5.

### B.    Procedural History

Plaintiffs commenced this tax refund action on August 30, 2019. *See generally* Compl. On February 10, 2020, the government answered the complaint. *See generally* Answer.

On May 22, 2020, plaintiffs filed an amended complaint. *See generally* Am. Compl. On June 19, 2020, the government filed a motion to dismiss this matter for lack of subject-matter jurisdiction, pursuant to RCFC 12(b)(1). *See generally* Def. Mot.

On July 17, 2020, plaintiffs filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On August 21, 2020, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court addresses the pending motion to dismiss.

## III.    LEGAL STANDARDS

### A.    Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(1). But, plaintiffs bear the burden of establishing subject-matter jurisdiction and they must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). And so, to pursue a substantive right against the United States under the Tucker Act, plaintiffs must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

### B.    Tax Refund Claims And The Signature Verification Requirement

Title 26, United States Code, Section 7422(a) provides the money-mandating source of law for bringing a tax refund claim in this Court. *Dumont v. United States*, 85 Fed. Cl. 425, 427-28 (2009). Specifically, Section 7422 provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly

filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

A tax refund claim must also comply with the applicable requirements of the I.R.C. In this regard, I.R.C. Section 6061 provides that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." 26 U.S.C. § 6061 (a). I.R.C. Section 6065 further provides that "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that is made under the penalties of perjury." 26 U.S.C. § 6065.

In addition, a tax refund claim must comply with the Treasury Regulations that apply to a tax refund claim, which provide that:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that is made under the penalty of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1). In this regard, the IRS has promulgated regulations which require that a refund claim may only be verified by someone other than the taxpayer if a power of attorney accompanies the claim. *Id.* at § 301.6402-2(e). Such a power of attorney must contain a "clear expression of the taxpayer's intention concerning the scope of authority granted to the recognized representative(s)." *Id.* at § 601.503(a)(6).

Specifically relevant to this dispute, the United States Court of Appeals for the Federal Circuit has not addressed the question of whether the signature verification requirement can be waived by the Treasury Secretary. But, several other courts have considered this question. For example, the United States Court of Appeals for the First Circuit has held that the signature verification requirement cannot be waived in a tax refund case, because the IRS does not have the authority to pay a refund claim to a claimant that is not the taxpayer, unless the claimant is the duly authorized agent of the taxpayer. *Turks Head Club v. Broderick*, 166 F.2d 877, 882 (1st

Cir. 1948) (holding that the verification signature requirement "is not the kind of formal defect in refund claims with respect to which the cases have recognized the possibility of a waiver by the Commissioner."). The United States Court of Appeals for the Tenth Circuit has also held within the context of a tax return case, that the signature verification requirement is statutory and cannot be waived. *Olpin v. C.I.R.*, 270 F.3d 1297, 1300 (10th Cir. 2001) ("The Code clearly states that, in order to be valid, a tax return must be signed.").

This Court has also addressed the taxpayer signature requirement in several recent cases. In *Gregory v. United States*, the Court held that "[t]he taxpayer signature requirement is statutory in nature and thus the waiver doctrine is inapplicable." *Gregory v. United States*, 149 Fed. Cl. 719, 724 (2020). In *Brown v. United States*, the Court similarly held that "the taxpayer signature requirement is statutory and therefore, cannot be waived," because I.R.C. Sections 6061 and 6065 require taxpayers to sign their tax returns. *Brown v. United States*, 151 Fed. Cl. 530, 536 (2020).

## IV.   LEGAL ANALYSIS

The government has moved to dismiss this tax refund matter for lack of subject-matter jurisdiction, because plaintiffs have not duly filed the amended tax returns upon which they base their tax refund claims. *See generally* Def. Mot. Specifically, the government argues that plaintiffs neither signed their amended tax returns nor provided a power of attorney with the amended tax returns, as required under the I.R.C. and the applicable Treasury Regulations. *Id*. at 17-18. And so, the government maintains that plaintiffs' failure to comply with this statutory signature verification requirement deprives the Court of jurisdiction to consider plaintiffs' tax refund claims. Def. Reply at 1, 5-9; *see also* 26 U.S.C. § 7422.

Plaintiffs acknowledge that they neither signed their 2016 and 2017 amended tax returns nor provided a power of attorney with these amended tax returns. Pl. Resp. at 9. But, they counter that the Court may, nonetheless, consider their tax refund claims, because the IRS waived these deficiencies by investigating the merits of their tax refund claims. *Id*. at 5-16; *see also Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945). Specifically, plaintiffs contend that the signature verification requirement is a regulatory requirement that can be waived by the IRS and that the IRS waived the requirement in this case. Pl. Resp. at 7-9. And so, plaintiffs request that the Court deny the government's motion to dismiss. *Id*. at 16-17.

For the reasons discussed below, a careful review of the I.R.C. and the relevant Treasury Regulations shows that the signature verification requirement is a statutory requirement that cannot be waived by the IRS. Because it is undisputed that plaintiffs failed to comply with this requirement in connection with the filing of their amended tax returns, plaintiffs have not "duly filed" their tax refund claims as required under 26 U.S.C. § 7422. And so, for the reasons discussed below, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** the amended complaint.

### A.    Plaintiffs Have Not Established Jurisdiction

To establish subject-matter jurisdiction in this tax refund case, plaintiffs must show that they have satisfied the requirements for bringing a tax refund action in this Court. Specifically, title 26, United States Code, section 7422(a) provides that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*

26 U.S.C. § 7422(a) (emphasis supplied). And so, a tax refund claim that has not been "duly filed" with the Treasury Secretary in accordance with applicable law cannot be considered by this Court. *Id.*; *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed Cir. 1994) (holding that compliance with section 7422 is a jurisdictional prerequisite to bringing a tax refund suit).

In this regard, there are several statutes and Treasury Regulations that apply to plaintiffs' tax refund claims. First, title 26, United States Code, Section 6061 governs the signing of tax returns and other documents and provides, in relevant part, that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." 26 U.S.C. § 6061(a). Second, title 26, United States Code, Section 6065 governs the verification of tax returns and provides, in relevant part, that "[e]xcept as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the

internal revenue laws or regulations shall contain or be verified by a written declaration that is made under the penalties of perjury." 26 U.S.C. § 6065.

Plaintiffs' tax refund claims must also comply with the Treasury Regulations, which provide that:

> The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that is made under the penalty of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1). Notably, the Treasury Regulations also require that a tax refund claim may only be verified by someone other than the taxpayer if a power of attorney accompanies the claim. *Id.* at § 301.6402-2(e).

Given the aforementioned standards, there can be no genuine dispute in this case that plaintiffs have not "duly filed" their tax refund claims as required to invoke the Court's jurisdiction under the Tucker Act. It is undisputed that plaintiffs did not sign their 2016 and 2017 amended tax returns and that their accountant—John Anthony Castro—signed the amended tax returns on plaintiffs' behalf. Pl. Resp. at 2; Def. Ex. 5 at A-029; Def. Ex. 6 at A-064. It is also undisputed that plaintiffs did not include a power of attorney authorizing Mr. Castro to sign their amended tax returns. Pl. Resp. at 9; Def. Mot. at 8. And so, the undisputed facts in this case make clear that plaintiffs did not comply with the signature verification requirements for filing their tax refund claims, as set forth in Sections 6061 and 6065 of the I.R.C. and the applicable Treasury Regulations, prior to bringing this action.

## B.   The Waiver Doctrine Is Not Applicable

The Court is also not persuaded by plaintiffs' argument that they may pursue this tax refund case, because the IRS has waived the signature verification requirement in this case. Pl. Resp. at 9-16. In *Angelus Milling Co. v. C.I.R.*, the Supreme Court held that the Commissioner of the IRS, acting through his agents, could waive the requirements of Treasury Regulation 96 by investigating the merits of a defective tax refund claim and taking action upon it. *Angelus Milling Co. v. C.I.R.*, 325 U.S. 293, 296 (1945). Specifically, the Supreme Court identified three requirements that must be met to show that the IRS waived the requirements of the Treasury

Regulations, namely, that:  (1) the IRS must have "investigated the merits" of the refund claim at issue; (2) the IRS must have "taken action" upon the refund claim; and (3) the IRS' determination to "dispense with" the formal regulatory requirements and to examine the merits of the claim must be "unmistakable."  *Id.* at 296-98.  But, the Supreme Court also made clear that an explicit *statutory* requirement related to a tax refund claim cannot be waived.  *Id.* at 296 (holding that, insofar as Congress uses its power to legislate to make explicit statutory requirements, these statutory requirements "must be observed and are beyond the dispensing power of Treasury officials.").

The signature verification requirement is such a non-waivable statutory requirement.  A plain reading of Sections 6061 and 6065 of the I.R.C. shows that these statutes require that a taxpayer sign and verify a tax refund claim.  *Barela v. Shinseki*, 584 F.3d 1379, 1382-83 (Fed. Cir. 2009) ("Statutory interpretation starts with the plain language of the statute.").

Notably, Section 6061 of the I.R.C. provides that a tax return, statement or other document filed with the IRS "shall be signed."  26 U.S.C. § 6061(a).  The use of the word "shall" in Section 6061 makes clear that this statute mandates that a tax return statement or other document filed with the IRS must be signed.  *See, e.g.*, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 n.9 (1975) ("'shall' generally means 'must'").  Section 6065 of the I.R.C. contains a similar mandatory requirement that a tax return, statement or other document filed with the IRS "shall contain or be verified by a written declaration that is made under the penalties of perjury." 26 U.S.C. § 6065; *see also James v. C.I.R.*, 322 F. Appx. 503, 504 (9th Cir. 2009) (holding that "26 U.S.C. § 6065 . . . requires that returns be signed under penalty of perjury."); *Olpin v. C.I.R.*, 270 F.3d 1297, 1300 (10th Cir. 2001) ("The Code clearly states that, in order to be valid, a tax return must be signed.").  And so, the Court reads these statutes to mandate the signature verification requirement for a tax refund claim.

Plaintiffs' argument that Sections 6061 and 6065 of the I.R.C. do not specifically require that the taxpayer sign and verify a tax refund claim is also belied by the plain language of these statutes.  Again, Section 6061 of the I.R.C. requires a signature verification for any tax return, statement or other document "required to be made" under any provision of the internal revenue laws or regulations.  26 U.S.C. § 6061(a).  Section 6065 of the I.R.C. similarly requires the taxpayer to sign and verify a tax return or tax refund claim, by providing that any return,

declaration, statement or other document "required to be made" contain or be verified by a written declaration that is made under the penalties of perjury. 26 U.S.C. § 6065. Because the only individual who is "required" to file a tax return or tax refund claim is the taxpayer, the Court reads the language in these two statutes to mandate that the taxpayer sign and verify a tax return or tax refund claim. *See* I.R.C. § 6012(a)(1)(A) (providing that tax returns shall be made by "[e]very individual having for the taxable year gross income which equals or exceeds the exemption amount").

The Court's reading of Sections 6061 and 6065 of the I.R.C. to mandate the signature verification requirement is consistent with several cases that have considered this requirement in tax refund and tax return matters. While the United States Court of Appeals for the Federal Circuit has not addressed the question of whether the signature verification requirement can be waived, several other courts have done so and held that this requirement is statutory and cannot be waived. In *Turks Head Club v. Broderick*, the United States Court of Appeals for the First Circuit held that the signature verification requirement cannot be waived in a tax refund case, because the IRS does not have the authority to pay a refund claim to a claimant that is not the taxpayer, unless the claimant is the duly authorized agent of the taxpayer. *Turks Head Club v. Broderick*, 166 F.2d 877, 882 (1st Cir. 1948) (holding that the verification signature requirement "is not the kind of formal defect in refund claims with respect to which the cases have recognized the possibility of a waiver by the Commissioner."). The United States Court of Appeals for the Tenth Circuit has also considered the signature verification requirement under Sections 6061 and 6065 of the I.R.C. within the context of a tax return case and held that this requirement is statutory, and, therefore, cannot be waived. *Olpin v. C.I.R.*, 270 F.3d 1297, 1301 (10th Cir. 2001) (holding that "acceptance [by the IRS] cannot cure an invalid [tax] return.").

This Court has also recently considered the signature verification requirement in several cases that are essentially identical to this case. For example, in *Gregory v. United States*, which also involved a failure to sign a tax return upon which a tax refund claim is based, the Court held that "[t]he taxpayer signature requirement is statutory in nature and thus the waiver doctrine is inapplicable." *Gregory v. United States*, 149 Fed. Cl. 719, 724 (2020). In *Brown v. United States*, the Court similarly held that "the taxpayer signature requirement is statutory and, therefore, cannot be waived." *Brown v. United States*, 151 Fed. Cl. 530, 535-36 (2020).

Because it is undisputed in this tax refund case that plaintiffs have not complied with the signature verification requirement set forth in I.R.C. Sections 6061 and 6065, by either signing the tax returns upon which they rely to bring this tax refund matter or providing a valid power of attorney, plaintiffs have not "duly filed" their tax refund claims as required by 26 U.S.C. § 7422. And so, the Court must dismiss plaintiffs' tax refund claims for lack of subject-matter jurisdiction.[3]  26 U.S.C. § 7422(a); RCFC 12(b)(1).

## V.    CONCLUSION

In sum, plaintiffs have not shown that their tax refund claims have been "duly filed" with the Treasury Secretary, as required to invoke the Court's subject matter jurisdiction under the Tucker Act.  And so, for the foregoing reasons, the Court:

1.  **GRANTS** the government's motion to dismiss; and

2.  **DISMISSES** the amended complaint.

The Clerk shall enter judgment accordingly.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge

---

[3] Because the Court concludes that the signature verification requirement is statutory and cannot be waived, the Court does not reach the issue of whether the IRS waived this requirement by investigating the merits of plaintiffs' tax refund claims.